**Norman L. LONGVAL, Petitioner, Appellant,**

v.

**Lawrence R. MEACHUM, et al., Respondents, Appellees.**

No. 80–1503.

United States Court of Appeals, First Circuit.

Argued Oct. 4, 1982.

Decided Nov. 24, 1982.

John Leubsdorf, Boston, Mass., Professor of Law, Court appointed counsel, for petitioner, appellant.

Barbara A.H. Smith, Asst. Atty. Gen., Chief, Criminal Appellate Division, Boston, Mass., with whom Francis X. Bellotti, Atty. Gen., Boston, Mass., was on brief, for respondents, appellees.

Before COFFIN, Chief Judge, ALDRICH and BOWNES, Circuit Judges.

BAILEY ALDRICH, Senior Circuit Judge.

The Supreme Court, on petition for certiorari in this habeas corpus proceeding, vacated the judgment resulting from our earlier opinion, *Longval v. Meachum*, 651 F.2d 818, (1st Cir.1981), and remanded for further consideration in the light of *Goodwin v. United States*, —— U.S. ——, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982). Following remand, we called for briefs and heard oral argument. Unhappily, we think that because of a collateral remark in our opinion, seized upon by respondents, the issue in this case may have been misunderstood by the Court.

In respondents' petition for certiorari a given ground was,

> "The court further held that since *the trial judge's participation in plea bargaining* raises the 'possible appearance of vindictiveness' the case need be remanded for sentencing by a judge other than the one who presided at trial." (Emphasis suppl.)

In point of fact, this is not a plea bargaining case. The respondents had no basis for so indicating except that we quoted from a plea bargaining case[1] in support of our conclusions. Rather, this is a case where there had been no bargaining, and the trial court, sua sponte, informed the defendant that if he did not follow its advice to bargain and plead, it "might be disposed to impose a substantial sentence" if the jury convicted him.

Concededly it is true that we spoke once in terms of "a possible appearance of vindictiveness," which, standing alone, might be misinterpreted. A fair account, however, would have noted that our meaning was what that appearance led to, viz., "a reasonable apprehension of vindictiveness," the phrase used in *Blackledge v. Perry*, 1974, 417 U.S. 21, at 28, 94 S.Ct. 2098, at

2102, 40 L.Ed.2d 628, and which we quoted three times. The substance of our opinion was that the trial judge's apparent attitude, whatever his actual intent, had unconstitutionally created this apprehension, and that this was in no way dissipated by the sentences thereafter imposed. We fully accept the Court's guidance in *Goodwin* that recovery on the basis of a reasonable apprehension of vindictiveness also requires that the situation be one in which, in general, there is a "reasonable likelihood of vindictiveness," and we reaffirm our conclusion that this was such a situation.

The undisputed facts are that near the close of the prosecution's case the trial judge addressed defense counsel essentially as follows.

> "Mr. Primason, the evidence in this case as it is coming in is very serious—robbery of a drug store; taking [i.e. theft of] drugs, use of a shot gun. I am wondering if you and the Commonwealth have had any discussion regarding a plea [of guilty]. I strongly suggest that you ask your client to consider a plea, because, if the jury returns a verdict of guilty, I might be disposed to impose a substantial prison sentence. You know that I am capable of doing that because you know of the sentences in a previous trial."

The judge had not been asked by defense counsel for his views, nor were they interjected into any plea bargaining conference between defense counsel and the prosecutor. Rather, they came out of the air, and ended with a recitation of the judge's power and disposition that could well be read as "plea or else." Whatever his actual state of mind, or purpose, we regard the judge's mid-trial interjections as susceptible of appearing from the defendant's perspective to be an attempt to coerce him to plead. Defendant refused and stood trial.[2]

---

1. *United States v. Werker*, 535 F.2d 198, 203 (2d Cir.), *cert. denied*, 429 U.S. 926, 97 S.Ct. 330, 50 L.Ed.2d 296 (1976). *See* 651 F.2d at 821.

2. The Commonwealth argues that the fact that the defendant continued with the trial and took

the stand shows that there was no coercion. This is beside the point; it does not negate the appearance of an attempt, nor dispel the possibility of a retaliatory sentence. The fact is, although we do not rest our decision on it, that defendant, on the stand, may well have felt coerced, as he freely admitted his participation

After conviction, the judge sentenced defendant to thirty-two to forty years in the state penitentiary on the armed robbery charges, and concurrent terms of eight to ten years on the counts for gun carrying and assault, to be served from and after the sentence for armed robbery. Thus, defendant was sentenced to a total of forty to fifty years. The assault sentence exceeded the statutory maximum, and both of these lesser charges were basically, in terms of conduct, included in the armed robbery count, as the Massachusetts Appellate Division essentially recognized. On appeal it reduced the principal sentence to thirty to forty years, the assault to five, and ordered all sentences to be served concurrently. This effectively cut ten years off the defendant's sentence, but since the court was without knowledge of the judge's remarks to counsel that are the basis of the present proceeding, we cannot regard this as rectification. In the absence of indication to the contrary, we assume that the Appellate Division includes in its consideration the sentences originally imposed.

Defendant complains of the disparity between the three-year sentence in the house of correction given his co-defendant who pleaded guilty and the lengthy prison sentence given him. The Massachusetts court justified this on the basis of a comparison of their prior records. We do not pursue this, except to note that the trial court voiced no explanation, in contrast to the practice often found appropriate because of the circumstances. *See, e.g., North Carolina v. Pearce,* 395 U.S. 711, 726, 89 S.Ct. 2072, 2081, 23 L.Ed.2d 656 (1969) (quoted in *United States v. Goodwin,* 102 S.Ct. at 2489); *United States v. Miller,* 589 F.2d 1117, 1137–39 (1st Cir.1978), *cert. denied,* 440 U.S. 958, 99 S.Ct. 1499, 59 L.Ed.2d 771 (1979); *United States v. Capriola,* 537 F.2d 319, 320–21 (9th Cir.1976) (per curiam). What we do say is that the on-the-surface differential, and the total sentence imposed, are too great to allay a reasonable apprehension that the sentencing judge's original re-

marks were unjudicial urgings to plead, and that the sentences were a retaliatory consequence of the defendant's refusal.

That apparent judicial coercion is more serious than alleged prosecutorial coercion involved in *Goodwin,* we dealt with generally in our earlier opinion, and need not repeat in full. The distinction particularly important in the present case, however, is this. By hypothesis, the prosecutor and the defendant are adversaries and are expected to be at odds with one another. As pointed out in *Goodwin,* in the give and take of pretrial proceedings it is all too easy to call any particular undertaking a threat, even when it is not. A judge, however, is expected to be impartial, and to appear impartial. It is difficult to reconcile with impartiality a forceful recommendation to consider pleading, ending on a note of the judge's power to impose a substantial sentence if not complied with.

We would distinguish this case from one in which a judge merely inquired of counsel whether he had considered plea bargaining. This language was far different. We would add, if respondent wishes to speak in terms of plea bargaining participation, that the judge in effect participated in plea bargaining in advance. If plea bargaining had ensued, his volunteered attitude would clearly seem to have strengthened the prosecutor's hand. Advice to plea bargain "or else," would not gladden the heart of bargaining defense counsel.

A rule which required a defendant to make a prima facie case of actual vindictiveness on the part of a judge, which the Massachusetts court seemingly adopted, *Commonwealth v. Longval,* 378 Mass. 246, 390 N.E.2d 1117, 1120 (1979), even if counsel were willing to suffer the reputation with the bench that this would be likely to give him, would impose an almost impossible burden. We believe the present case, and our decision, fall squarely within the Court's reasoning in *Goodwin,* rather than

---

in the robbery. His unfavorable testimony was that his co-defendant was not involved, a con-

tention the jury ultimately agreed with.

without it. The writ of habeas corpus shall issue unless within sixty days the defendant is resentenced before a Massachusetts Superior Court justice other than the one who presided at his trial.