No. 82–1157. MEACHUM ET AL. v. LONGVAL. C. A. 1st Cir. Motion of respondent for leave to proceed *in forma pauperis* granted. Certiorari denied.

JUSTICE REHNQUIST, with whom THE CHIEF JUSTICE and JUSTICE O'CONNOR join, dissenting.

Respondent Norman Longval robbed a drugstore in Swampscott, Mass. Longval, who had a previous record for larcenies and had served time for armed robbery, stole the getaway car and carried a shotgun during the robbery.

One of Longval's codefendants, Richard Ellard, pleaded guilty. Ellard stated that he was drunk at the time and did not carry the gun. The sentencing judge noted that Ellard had not been in serious trouble before, and sentenced him to three years' imprisonment and three years' probation with a special term of probation requiring him to obtain treatment for alcoholism.

Longval stood trial for armed robbery, assault with a deadly weapon, and unlawfully carrying a sawed-off shotgun, and was convicted. The trial judge sentenced Longval to 40–50 years in prison. The state appellate court later reduced this sentence to 30–40 years.

Longval sought a writ of error from the Massachusetts Supreme Judicial Court, claiming that the trial judge had improperly threatened him in an effort to coerce him into pleading guilty. The Supreme Judicial Court appointed a Special Master, who found that during the presentation of the prosecution's case-in-chief, the trial judge told Longval's defense attorney, in substance, that

> "the evidence in this case as it is coming in is very serious—robbery of a drug store, taking [*i. e.* theft of] drugs, use of a shot-gun. I am wondering if you and the Commonwealth have had any discussion regarding a plea [of guilty]. I strongly suggest that you ask your client to consider a plea, because, if the jury returns a verdict of guilty, I might be disposed to impose a substantial prison sentence. You know that I am capable of doing that because you know of the sentences in a previous trial." 693 F. 2d 236, 237 (CA1 1982).

The Special Master did not construe this statement as a threat. Rather, he thought the judge made "a statement to a young lawyer of the judge's then general impression of the evidence as it had developed to that point."

The Supreme Judicial Court affirmed Longval's conviction. *Commonwealth* v. *Longval,* 378 Mass. 246, 390 N. E. 2d 1117 (1979). It found that the judge had merely advised Longval's attorney of the sentences he had imposed in other cases and of the seriousness of the offense described in the evidence that had been presented, and advised him "not to forgo any advantage that might accrue to [him] by means of plea bargaining." *Id.,* at 251–252, 390 N. E. 2d, at 1120.

Longval unsuccessfully petitioned for a writ of habeas corpus in the District Court. On appeal, the Court of Appeals reversed. 651 F. 2d 818 (CA1 1981). We granted a petition for a writ of certiorari, vacated the judgment of the Court of Appeals, and remanded for further consideration in light of *United States* v. *Goodwin,* 457 U. S. 368 (1982). 458 U. S. 1102 (1982).

On remand, the Court of Appeals adhered to its original view. 693 F. 2d 236 (1982). It held that the trial judge's comments led to "a reasonable apprehension of vindictiveness," *id.,* at 237, that requires resentencing before a different judge. The Court of Appeals thought that a judge may not make "a forceful recommendation to consider pleading [guilty], ending on a note of the judge's power to impose a substantial sentence if [the recommendation is] not complied with." *Id.,* at 238. Thus, the Court of Appeals adopted a *per se* rule that requires resentencing whenever a state trial judge makes any statement that is "susceptible of appearing from the defendant's perspective to be an attempt to coerce him to plead." *Id.,* at 237.

The Court of Appeals relied upon *North Carolina* v. *Pearce,* 395 U. S. 711 (1969), and *Blackledge* v. *Perry,* 417 U. S. 21 (1974). The respondents in *Pearce* had obtained reversal of their criminal convictions on federal constitutional grounds. They were retried, convicted, and then given sen-

tences that were up to two and a half times as long as their original sentences.   This Court held that the harsher sentences suggested that the States were punishing criminal defendants for exercising their federal constitutional rights. We stated that the sentencing authority could only impose longer sentences if it explained its reasons on the record. *Blackledge* extended *Pearce* to establish a presumption of prosecutorial vindictiveness in cases where prosecutors press more serious charges on defendants who obtain reversals of their convictions.

I think the decision below is quite problematic.   First, in this case, unlike *Pearce* and *Blackledge*, there is a fully credible alternative explanation for the trial judge's behavior, one that *was credited* by the state court.   The Supreme Judicial Court construed the judge's comments simply to inform Longval of the facts of life in his courtroom.   This Court has often stressed the importance of providing criminal defendants with full information.   For example, in *Boykin* v. *Alabama*, 395 U. S. 238 (1969), we reversed a conviction on a guilty plea because we were not certain that the defendant had "a full understanding of what the plea connotes and of its consequence." *Id.*, at 244.   Surely defendants should be as well informed of the possible consequences of a not-guilty plea.   If this judge routinely handed out long sentences after convictions of serious crimes, it would be in Longval's interest to know that; certainly the prosecutor with whom Longval and his counsel had engaged in plea-bargaining negotiations already knew the judge's sentencing habits.   It seems incongruous at best to want defendants to be fully informed and then to adopt a *per se* rule condemning judges who provide them with information.

Second, in *Goodwin, supra,* we held that the *Pearce-Blackledge* presumption does not apply where a prosecutor presses more serious charges in a plea-bargaining situation. The rationale of the decision is that vindictiveness is less likely during pretrial plea bargaining than after a trial and an appeal.   The Court of Appeals sought to distinguish *Good-*

*win* on the ground that this case involves a judge rather than a prosecutor, and judges are expected to be impartial. I believe the *Goodwin* rationale is fully applicable in this case. If anything, the impartial position of the judge suggests that we should be more reluctant to apply a presumption of vindictiveness to judges than to prosecutors.

Guilty pleas result from discussions and negotiations between opposing advocates and require them to predict the probability of conviction and the severity of the sentence that is likely to be imposed. It is at least arguable that this process is made fairer when the accused has complete information concerning the sentence he is likely to receive. Because I doubt whether a *per se* presumption of judicial vindictiveness is warranted in cases such as this, I would grant certiorari.