**Christopher JOHNSON,
Petitioner, Appellant,**

**v.**

**George A. VOSE, Jr., et al.,
Respondents, Appellees.**

**No. 90–1670.**

United States Court of Appeals,
First Circuit.

Heard Dec. 6, 1990.

Decided Feb. 27, 1991.

Andrew Silverman, for petitioner, appellant.

Judy Zeprun, Asst. Atty. Gen., with whom James M. Shannon, Atty. Gen., was on brief, for respondents, appellees.

Before CAMPBELL and TORRUELLA, Circuit Judges, and COFFIN, Senior Circuit Judge.

COFFIN, Senior Circuit Judge.

After closing arguments at Christopher Johnson's state trial for armed robbery and assault, during a bench conference, the judge stated for the record that the defendant had rejected an offered sentence of

six-to-nine years.[1] Johnson subsequently was found guilty by the jury, and the judge thereafter imposed a nine-to-fifteen-year sentence. In his petition for a writ of habeas corpus, Johnson claims that the harsher sentence should be presumed vindictive, and thus violative of his due process rights, under the principles established in *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). We conclude that Johnson is not entitled to the *Pearce* presumption, and that there is no basis in the record for finding actual vindictiveness. We therefore affirm the district court's denial of the writ.

## Discussion

In *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the Supreme Court addressed the due process concerns that emerge when a defendant who successfully obtained reversal of his conviction on appeal is again found guilty upon retrial and given a stiffer sentence by the same trial judge. The Court held that the principles of due process demand that vindictiveness play no part in the sentence received by such a defendant: "[t]o punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort," *Bordenkircher v. Hayes*, 434 U.S. 357, 363, 98 S.Ct. 663, 668, 54 L.Ed.2d 604 (1978). *See Pearce*, 395 U.S. at 723–26, 89 S.Ct. at 2079–82.

To protect against such motivation, the court established a "presumption of vindictiveness," *United States v. Goodwin*, 457 U.S. 368, 374, 102 S.Ct. 2485, 2489, 73 L.Ed.2d 74 (1982), which is triggered whenever the same judge imposes a more severe sentence upon a defendant after retrial. The presumption may be overcome only when objective information in the record justifies the increased sentence.

The *Pearce* presumption also has been applied in settings other than retrials, including, in our own court, where a defendant has rejected an offered plea bargain in favor of pursuing a jury verdict. *See United States v. Crocker*, 788 F.2d 802 (1st Cir.1986); *Longval v. Meachum*, 693 F.2d 236 (1st Cir.1982). It is important to remember, however, that not every instance of an enhanced sentence following a defendant's exercise of a legal right triggers the presumption. *See United States v. Pimienta–Redondo*, 874 F.2d 9, 12–13 (1st Cir.1989) (citing Supreme Court cases rejecting applicability of the presumption in various factual contexts). The principle established by *Pearce* and its progeny is not that enlarged sentences are forbidden, but only that such sentences may not be fueled by vindictiveness. *See Texas v. McCullough*, 475 U.S. 134, 138, 106 S.Ct. 976, 978, 89 L.Ed.2d 104 (1986) ("Beyond doubt, vindictiveness of a sentencing judge is the evil the Court sought to prevent rather than simply enlarged sentences after a new trial.") The presumption therefore arises only in circumstances "in which there is a 'reasonable likelihood' that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority. Where there is no such reasonable likelihood, the burden remains upon the defendant to prove actual vindictiveness." *Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201, 2205, 104 L.Ed.2d 865 (1989) (quoting *Goodwin*, 457 U.S. at 373, 102 S.Ct. at 2488).

Petitioner suggests that two principal factors indicate a "reasonable likelihood" of vindictiveness in his sentence, thus entitling him to the presumption. First, he cites the judge's statement deliberately inserting into the record the offered six-to-nine-year term, and argues that that statement was meant as an implicit threat that Johnson would receive a higher sentence if he insisted on seeing the case through to a jury verdict. In support of his view that such a threat entitles him to a presumption of vindictiveness, petitioner

---

1. The bench conference concerned counsels' objections to the closing arguments. During the conference, the court made the following remarks:

Anything else? All right, I just want to put on the record that I made an offer to you, to your client relative to numbers six to nine. Six to nine is the number, and we'll put this on the record, and your client's rejected that.

cites *Longval*, 693 F.2d at 236, and *Crocker*, 788 F.2d at 802, in which we applied the presumption after trial judges explicitly warned defendants that insisting on a trial likely would be a factor in sentencing.[2]

We find little support for Johnson in *Longval* and *Crocker* because the timing and nature of the judges' comments in those cases differed significantly from what occurred in the case before us. The sentencing judges' troublesome remarks in *Longval* and *Crocker* were made mid-trial, when pleas by the defendants would have abbreviated the proceedings substantially. It was therefore more likely that the stiffer sentences were meant to punish the defendants for pursuing trials in cases the courts considered "unworthy of [their] time and effort," *Crocker*, 788 F.2d at 809.

In this case, however, the judge's for-the-record comment came only after the trial had virtually ended. All evidence had been presented, closing arguments had been made and only the judge's instructions and jury verdict remained. The judge therefore had little to gain in judicial time and energy from a guilty plea, and it is far less plausible than in *Longval* and *Crocker* that the court was punishing the defendant for "the presentation of a frivolous case and the ensuing waste of judicial resources," *Crocker*, 788 F.2d at 809.

A second distinction is that the judges in *Longval* and *Crocker* explicitly linked harsher sentences to the defendants' refusal to cut short their right to a jury trial, a factor we deemed crucial in establishing a reasonable likelihood of vindictiveness. *See Crocker*, 788 F.2d at 809 ("The *judge's remarks* ... are sufficient to establish ... a reasonable likelihood of vindictive-

ness....) (emphasis added); *Longval*, 693 F.2d at 237 ("[W]e regard the judge's mid-trial interjections as susceptible of appearing from the defendant's perspective to be an attempt to coerce him to plead.")

The judge's remark here cannot fairly be described as an equivalent warning. As the Massachusetts appeals court observed, "absent from this record is any expression by the judge of displeasure about Johnson's failure to accept the sentence offered him or that consequences would follow from that failure," *Commonwealth v. Johnson*, 27 Mass.App.Ct. 746, 751, 543 N.E.2d 22 (1989). Nor do we think the absence of an obvious purpose for the judge's decision to put his offer of leniency on the record indicates a reasonable likelihood of vindictiveness; without any other indication of improper motive, it is more reasonably viewed simply as a decision to complete the record. The judge's later reference to petitioner's refusal to plead guilty, at the disposition hearing, was equally matter-of-fact. After defense counsel requested the previously offered six-to-nine-year term, the judge responded that he was not bound by an offer rejected by her client.[3]

We therefore conclude that the judge's comment in this case lacks the characteristics of the remarks in *Longval* and *Crocker* that reasonably permitted an inference of vindictiveness in the harsher sentence. Because the nature and timing of the judge's statement here were such that it is "not more likely than not" that the increased sentence is attributable to vindictiveness, *see Smith*, 109 S.Ct. at 2205, the statement does not trigger the *Pearce* presumption.

---

**2.** In *Longval*, 693 F.2d at 237, the trial judge addressed defense counsel near the close of the prosecution's case and, among his comments, stated: "I strongly suggest that you ask your client to consider a plea, because, if the jury returns a verdict of guilty, I might be disposed to impose a substantial prison sentence." In *Crocker*, 788 F.2d at 808, in an in-chambers conversation at the start of the second day of trial, the judge said, *inter alia:* "I think imposing upon the time and resources of the Court to try a case which should not be tried is an imposition which deserves consideration when

it comes time for me to sentence and I will do so."

**3.** The judge's specific comments were as follows:

Of course, that sentence was offered with an acceptance of a change [sic] plea. The Court is not bound by an offer when it is rejected by your client. We have one, two, three, four, five, separate armed robberies and assault with intent to rob while being armed.

■ The second factor assertedly indicating vindictiveness is that the judge received no new information before sentencing that would justify a sentence higher than the one previously offered. Petitioner argues that the absence of new information distinguishes this case from the scenario in which a judge agrees before trial to a particular sentence in exchange for a guilty plea, but then imposes a higher sentence after the defendant refuses the offer and is convicted. In such a case, the Supreme Court has held that a longer term does not present a reasonable likelihood of vindictiveness because "in the course of the proof at trial the judge may gather a fuller appreciation of the nature and extent of the crimes charged," *Smith*, 109 S.Ct. at 2206. *See id.* at 2205–2206.

Even assuming that the sentencing judge in this case received no new information about the nature of the crime or Johnson's criminal history,[4] petitioner's assertion of reasonably likely vindictiveness is still unavailing. In its recent opinion in *Smith*, the Supreme Court explicitly recognized that "[a] guilty plea may justify leniency," 109 S.Ct. at 2206. In other words, "[f]or those who plead, that fact itself is a consideration in sentencing, a consideration that is not present when one is found guilty by a jury." *Corbitt v. New Jersey*, 439 U.S. 212, 224 n. 14, 99 S.Ct. 492, 500 n. 14, 58 L.Ed.2d 466 (1978). *See Johnson*, 27 Mass. App.Ct. at 750–51, 543 N.E.2d 22 ("The willingness of the defendant to admit guilt ... is a proper factor in more lenient sentencing.") The sentencing guidelines promulgated by the United States Sentencing Commission also reflect this principle. *See* U.S.S.G. § 3E1.1 (allowing reduction in sentence for acceptance of responsibility).

To be sure, a judge who seeks a guilty plea but is spurned has reason and opportunity to impose a retaliatory sentence. But "a mere opportunity for vindictiveness is insufficient to justify the imposition of a prophylactic rule," *Goodwin*, 457 U.S. at 384, 102 S.Ct. at 2494. Where a shorter term of imprisonment was promised in exchange for a plea of guilty, without any indication of undue pressure or threats of retaliation, we think it more reasonable to view the lower sentence as an offer of leniency than to view the higher sentence as a punishment for refusing to plead.[5]

In this case, the absence of evidence suggesting vindictiveness is made more telling by the presence of evidence suggesting sensitivity to the defendant's circumstances. At the disposition hearing, defense counsel argued that the defendant's youth and medical problems counseled leniency, and she urged the court to consider a psychological report prepared by defendant's social worker. Although the judge expressed skepticism about the report because he interpreted it to recommend only a sentence of probation, he stated that he did not disagree with "any facts or opinions contained therein" and later described it as "thorough." In announcing the sentence, the judge made the following comments:

> Well, I think that your client does have some problems, there is no question about that. I am not going to impose the sentence that the Commonwealth recommends, although we do have five separate armed robberies here. I will give him the same sentence on each charge including assault with intent to rob. No more than 15, no less than nine, which is a very lenient sentence under the circumstances of this case, taking into consideration his age, and taking into consideration all of his problems, to run concurrent.

---

**4.** There is some question about whether the court had available at the time of sentencing probation reports that were not available at the time of the plea offer.

**5.** Nevertheless, we think it worth noting the statement made by the Massachusetts appeals court in this case that "[p]articipation by a trial judge in plea bargaining, although not proscribed in Massachusetts, is discouraged ... [because] a judge's involvement in the process risks generating charges of coercion or vindictiveness." *Johnson*, 27 Mass.App.Ct. at 750, 543 N.E.2d 22 (footnote and citations omitted). *See also Longval v. Meachum*, 651 F.2d 818, 821 (1st Cir.1981), *vacated by United States v. Goodwin*, 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74 *reinstated on remand, Longval v. Meachum*, 693 F.2d 236 (1st Cir.1982).

Thus, despite emphasizing the seriousness of petitioner's repeated criminal activity, the judge imposed a sentence explicitly influenced by the factors urged by defense counsel in favor of leniency, and substantially lower than the term recommended by the prosecutor.[6] The judge's reference to the refused offer was benign. Nothing in the record points to a "reasonable likelihood" of vindictiveness, and petitioner Johnson is therefore not entitled to the *Pearce* presumption.

The inapplicability of the presumption does not foreclose a defendant from proving actual vindictiveness. *Wasman v. United States,* 468 U.S. 559, 569, 104 S.Ct. 3217, 3223, 82 L.Ed.2d 424 (1984); *Goodwin,* 457 U.S. at 384, 102 S.Ct. at 2494. As our discussion above indicates, however, there is no objective evidence in this record from which a court could conclude that the sentencing judge operated with such impermissible motivation. We therefore affirm the district court's judgment denying the writ of habeas corpus.

*Affirmed.*

---

**6.** At the outset of the sentencing hearing, the prosecutor urged concurrent sentences of 20-to–25 years on each robbery count and 18–to–20 years on the assault count. Before trial, the prosecutor had recommended a 12–to–15–year sentence; the lower offer, he explained to the court, "was not because the Commonwealth felt it was worth only 12 to 15, but was for those reasons primarily to spare the victims as well as spare the Commonwealth and the Court the trial."