### COMMONWEALTH *vs.* ROBIN E. RAVENELL.

Plymouth. March 1, 1993. - May 10, 1993.

Present: LIACOS, C.J., NOLAN, LYNCH, O'CONNOR, & GREANEY, JJ.

*Practice, Criminal*, Postconviction relief, Sentence, Plea, Right to trial. *Due Process of Law*, Right to trial. *Judge.*

Statement of principle that the presumption of vindictiveness on the part of a judge imposing a more severe sentence upon a criminal defendant after a new trial may be overcome only by objective information concerning identifiable conduct on the part of the defendant, occurring after the time of the original sentencing proceeding, justifying the judge's action. [193-194]

On appeal by a criminal defendant from the denial of his motion for a new trial contending that his sentences were a vindictive response to his exercising his constitutional right to a trial rather than pleading guilty, this court, treating the defendant's motion as a motion for postconviction relief pursuant to Mass. R. Crim. P. 30 (a), determined that there was nothing in affidavits submitted by the defendant to support a presumption of vindictiveness on the part of the judge that would require objective information in the record justifying the increased sentences; nor did the defendant demonstrate actual vindictiveness on the part of the judge. [194-195]

INDICTMENTS found and returned in the Superior Court Department on December 23, 1986.

A motion for postconviction relief, filed on December 13, 1991, was considered by *Suzanne V. DelVecchio*, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Richard B. Klibaner* for the defendant.

*Robert C. Thompson*, Assistant District Attorney, for the Commonwealth.

O'CONNOR, J. After a jury trial in the Superior Court, the defendant was convicted of armed robbery and assault and

battery by means of a dangerous weapon. The trial judge sentenced the defendant to a term of from twelve to twenty years in the Massachusetts Correctional Institution at Cedar Junction on the armed robbery charge. She imposed a concurrent sentence of from eight to ten years on the other charge. The Appeals Court affirmed the convictions. 28 Mass. App. Ct. 1118 (1990). After an appeal to the Appellate Division of the Superior Court and two motions to revise and revoke the sentences were unsuccessful, the defendant filed a motion in the Superior Court entitled, "Motion for New Trial." The relief requested in the text of the motion was that the sentences imposed be vacated and that the defendant be resentenced by a judge other than the judge who imposed the sentences. The motion was supported by a memorandum in which the defendant argued that the sentences were a vindictive response to the defendant's exercising his constitutional rights to a trial, and by two affidavits, one by the defendant's trial counsel and the other by the defendant himself. Trial counsel's affidavit stated in relevant part that, at a lobby conference, the judge said "that she would sentence the defendant to 9 to 12 years if he were to plead guilty and to approximately 12 to 15 years if he went to trial and was convicted." The defendant's affidavit states, "Before the trial of my case began, my trial attorney, Mr. Vesperi, told me that the judge had told him that she would sentence me to 8 to 10 years if I were to plead guilty and 12 to 20 years if I went to trial and was convicted. I decided to go to trial and, after being found guilty, was sentenced to 12 to 20 years."

The motion was denied by the judge without a hearing. The defendant appealed and, in an unpublished memorandum and order pursuant to Appeals Court Rule 1:28, the Appeals Court affirmed the order denying postconviction relief. We granted the defendant's application for further appellate review. We treat the defendant's motion as a motion for postconviction relief pursuant to Mass. R. Crim. P. 30 (a), 378 Mass. 900 (1979). See *Commonwealth* v. *Guerro*, 14 Mass. App. Ct. 743, 745 (1982). That rule states: "Who-

ever is imprisoned or restrained of his liberty pursuant to a criminal conviction may at any time, as of right, file a written motion requesting the trial judge to release him or to correct the sentence he is then serving upon the ground that his confinement or restraint was imposed in violation of the Constitution or laws of the United States or of the Commonwealth of Massachusetts." Since a motion filed under rule 30 (a) may be filed at "any time," by the rule's express provision the Commonwealth's procedural arguments that the motion was untimely and that the defendant's claim of vindictive sentencing had been waived must fail. Nevertheless, focusing on the merits of the motion, we agree with the Appeals Court in its unpublished memorandum that the order of the Superior Court denying the defendant's motion for postconviction relief was not error and should be affirmed.[1]

"[P]lainly, a defendant . . . may not be punished for exercising his right to trial and, therefore, the fact that he has done so should be given no weight in determining his sentence." *Letters* v. *Commonwealth*, 346 Mass. 403, 405 (1963). It logically follows that, when the severity of a sentence has been increased in retaliation for the defendant's decision to go to trial rather than plead guilty, the sentence must be vacated. The issue in this case is whether there was such retaliation (vindictiveness).

In *North Carolina* v. *Pearce*, 395 U.S. 711 (1969), the defendant, whose conviction had been reversed on appeal, was retried and again found guilty. The same judge presided at both trials and, following the second trial, the judge imposed a more severe sentence than he had imposed after the first trial. The question was whether vindictiveness played a part in the second sentence. The Court held: "[W]henever a judge

---

[1]However, we reiterate the admonition of the Appeals Court that "[p]articipation by a trial judge in plea bargaining, although not proscribed in Massachusetts [as it is by Fed. R. Crim. P. 11], is discouraged." *Commonwealth* v. *Johnson*, 27 Mass. App. Ct. 746, 750 (1989), habeas corpus denied sub nom., *Johnson* v. *Vose*, 927 F.2d 10 (1st Cir. 1991), citing *Commonwealth* v. *Damiano*, 14 Mass. App. Ct. 615, 618-619 & n.7 (1982).

imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal." *Id.* at 726. "In sum, the Court applied a presumption of vindictiveness, which may be overcome only by objective information in the record justifying the increased sentence." *United States* v. *Goodwin,* 457 U.S. 368, 374 (1982).

"The *Pearce* presumption also has been applied in settings other than retrials, including, in [the United States Court of Appeals for the First Circuit], where a defendant has rejected an offered plea bargain in favor of pursuing a jury verdict. See *United States* v. *Crocker,* 788 F.2d 802 (1st Cir. 1986); *Longval* v. *Meachum,* 693 F.2d 236 (1st Cir. 1982) [, cert. denied, 460 U.S. 1098 (1983)]." *Johnson* v. *Vose,* 927 F.2d 10, 11 (1st Cir. 1991). "The presumption . . . arises only in circumstances 'in which there is a "reasonable likelihood" that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority. Where there is no such reasonable likelihood, the burden remains upon the defendant to prove actual vindictiveness.' *Alabama* v. *Smith,* 490 U.S. 794 . . . (1989) (quoting [*United States* v.] *Goodwin,* 457 U.S. at 373 . . . .)" *Id.*

No presumption of vindictiveness is triggered in the present case. Since the judge did not conduct an evidentiary hearing on the defendant's motion for postconviction relief, we accept as true the essential assertions in the affidavits submitted by the defendant, that is, that before the trial the judge told trial counsel that she would impose more severe sentences if the defendant were to be convicted after a trial than if he were to plead guilty, and that, after going to trial and being convicted, the judge imposed heavier sentences than those promised if the defendant were to plead guilty.

Those facts, standing alone as they do because the record is devoid of further facts that might show vindictiveness, are not sufficient to establish a "reasonable likelihood" thereof. The judge's pretrial statements are at least as consistent with an appropriate promise of leniency as consideration for guilty pleas as with an intention to punish the defendant for electing to proceed to trial. *Commonwealth* v. *Johnson*, 27 Mass. App. Ct. 746, 750-751 (1989), habeas corpus denied sub nom. *Johnson* v. *Vose*, 927 F.2d 10 (1st Cir. 1991) ("The willingness of the defendant to admit guilt . . . is a proper factor in more lenient sentencing"). Furthermore, unlike *United States* v. *Crocker, supra,* and *Longval* v. *Meachum, supra,* here the judge made no comments suggesting that she had an interest in avoiding trial or that she was displeased with the defendant's decision to put the Commonwealth to its proof.

We conclude that no presumption of vindictiveness is operative in this case that would require "objective information in the record justif[ying] the increased sentence." *Johnson* v. *Vose, supra* at 11. We conclude also that the defendant has not demonstrated actual vindictiveness. Therefore, we affirm the order in the Superior Court denying the defendant's motion for postconviction relief.

*So ordered.*