USCA1 Opinion

 

 United States Court of Appeals For the First Circuit ____________________ No. 95-2308 UNITED STATES OF AMERICA, Appellee, v. CRAIG J. CLARK, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Joseph A. DiClerico, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Stahl and Lynch, Circuit Judges. ______________ ____________________ Kevin E. Buchholz, with whom Bianco, P.A., was on brief, for _________________ ____________ appellant. Peter E. Papps, First Assistant United States Attorney, with ______________ whom Paul M. Gagnon, United States Attorney, was on brief, for ______________ the United States. ____________________ May 30, 1996 ____________________ LYNCH, Circuit Judge. The kidnapping at knife point ______________ of a young New Hampshire woman by defendant Craig Clark and others resulted in Clark ultimately pleading guilty to two federal charges: conspiracy to interfere with and interference with interstate commerce by threats of violence, both in violation of 18 U.S.C. 1951. This is Clark's second trip to this court on his sentence. He was successful before, and now finds, to his chagrin, that his new sentence is higher than the one that was overturned in his first appeal. In United States v. Clark, 55 F.3d 9 (1st Cir. 1995), _____________ _____ this court vacated Clark's original 188 month sentence and remanded for resentencing before a new judge on grounds that the government had not kept its end of the plea agreement. Clark now appeals from the 223 month sentence imposed on resentencing by the second sentencing judge after remand. Relying on the Supreme Court's decision in North _____ Carolina v. Pearce, 395 U.S. 711 (1969), Clark argues that ________ ______ the district court's imposition of a prison term on resentencing that was more severe than the sentence vacated on appeal effectively punishes him for exercising his right to appeal and violates his right to due process of law. He also contends that the district court erred in enhancing his sentence based on a determination that he had obstructed justice by suborning perjury and making false statements to -2- 2 his probation officer. The decisions of the Supreme Court and this court interpreting the holding of Pearce doom ______ Clark's first attack. His second attack is without merit on the law and the facts. We affirm. I In Pearce, the Supreme Court held that a court ______ violates the Due Process Clause when it imposes a heavier sentence upon a reconvicted defendant for the purpose of penalizing the defendant for having successfully appealed from his original conviction. See id. at 723-24. As a ___ ___ prophylactic measure, the Court created a "'presumption of vindictiveness' . . . which is triggered whenever the same judge imposes a more severe sentence upon a defendant after retrial." Johnson v. Vose, 927 F.2d 10, 11 (1st Cir. 1991) _______ ____ (quoting United States v. Goodwin, 457 U.S. 368, 374 (1982)). _____________ _______ However, the "presumption of vindictiveness" does not arise in every case in which a defendant receives a greater sentence the second time around. Texas v. McCullough, 475 _____ __________ U.S. 134, 138 (1986). As the Court said in McCullough, __________ "vindictiveness of a sentencing judge is the evil the Court sought to prevent rather than simply enlarged sentences after a new trial." Id. Thus, the presumption of vindictiveness ___ created by Pearce arises only when "there is a 'reasonable ______ likelihood' . . . that the increase in sentence is the product of actual vindictiveness on the part of the -3- 3 sentencing authority." Alabama v. Smith, 490 U.S. 794, 799 _______ _____ (1989) (citation omitted). The Pearce presumption does not arise where "different ______ ___ sentencers assessed the varying sentences that [defendant] received." McCullough, 475 U.S. at 140; see also Hurlburt v. __________ ________ ________ Cunningham, 996 F.2d 1273, 1275 n.2 (1st Cir. 1993) (per __________ curiam) ("Our research indicates that decisions by the circuit courts of appeals after McCullough have uniformly __________ held that the Pearce presumption does not apply to the two- ______ sentencer situation."). In this case, the defendant's second sentence was imposed by a different judge. Thus, no presumption of vindictiveness arises. Absent such a presumption, the defendant cannot prevail on his due process claim unless he demonstrates "actual vindictiveness." Johnson, 927 F.2d at 11. _______ Clark falls far short. He argues that vindictiveness should be inferred because the New Hampshire federal district court has only four judges and is a small court. Neither logic nor experience warrants any such inference. Further, he says, an increased sentence may not be imposed without additional findings to support the increase. Pearce implies ______ no such requirement. The second trial judge heard all of the sentencing evidence anew and made findings adequate to support the sentence imposed, which was within the range prescribed by the Guidelines. The length of a sentence -4- 4 vacated on appeal does not automatically function as a cap on the term of imprisonment that can be imposed on resentencing. One of the risks of appealing a sentence is that a different judge, on remand, may take a different view of the facts (or the law) relevant to the required Guidelines findings, a view less favorable to the defendant. We note that Clark makes no argument that the second sentencing judge misapplied the Guidelines (aside from his assertion of error as to the obstruction-of-justice enhancement, which we reject below). There is no basis in the record for a finding of vindictiveness. Cf. McCullough, 475 U.S. at 140 (no ___ __________ vindictiveness where "second sentencer provides an on-the- record, wholly logical, nonvindictive reason for the sentence"). II Under 3C1.1 of the Guidelines, the sentencing judge is directed to increase the offense level by two "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." U.S.S.G. 3C1.1 (Nov. 1993).1 Clark argues that the district court erroneously enhanced his sentence based on this provision. A brief description of the facts underlying  ____________________ 1. The district court apparently applied the 1993 version of the Guidelines. The current version of 3C1.1 is the same. -5- 5 the district court's obstruction of justice finding sets the stage for resolution of Clark's claim. After his arrest and prior to his arraignment, Clark apparently hatched the thought that if the district court could be persuaded that the victim herself had been involved in the scheme to kidnap and hold her for ransom, the defendants would either receive more lenient sentences or "all walk away scott [sic] free." In order to make the story -- which had no basis in fact -- stick, he had to convince his co-defendants to keep to the story line when they testified. That is exactly what he tried to do while in the U.S. Marshal's lockup. Clark's co-defendants, however, refused to go along with his fabrication and told the probation officer of Clark's efforts to induce them to lie to the court. When the probation officer asked Clark about the scheme, he denied it and claimed that his co-defendants must have misunderstood him or were lying. The probation officer included this information in the Pre-Sentence Report and recommended that Clark's conduct be found to constitute obstruction of justice and that he be denied any credit for acceptance of responsibility. After hearing testimony from Clark's two co-defendants that Clark had tried to induce them to lie to the court, the district court increased Clark's offense level from 34 to 36 pursuant to U.S.S.G. 3C1.1. This enhancement had the -6- 6 effect of increasing his Guidelines sentencing range from 151-188 months to 188-235 months. Clark contends that the district court committed three errors: that the court should not have applied the preponderance-of-the-evidence standard with respect to its finding that Clark obstructed justice; that the court failed to view his testimony in the light most favorable to him; and that (in light of the first two points) the court's finding of obstruction was clearly erroneous. On the first point, Clark appears to argue that if he had been separately charged with the crime of suborning perjury and been convicted of that crime (as well as the _________ crimes of which he was actually convicted) by proof beyond a reasonable doubt, he would have received a lesser sentence than he received as a result of the obstruction of justice being considered at sentencing. From this, he contends that due process required the government to prove the facts underlying the 3C1.1 enhancement beyond a reasonable doubt. The argument is doubly flawed. First, Clark's premise is presented without any effort to elaborate its basis under the Guidelines and is far from obviously true. Second, precedent disposes of his argument that anything but a preponderance- of-the-evidence standard governs the district court's factfinding at sentencing. See, e.g., United States v. ___ ____ _____________ Lombard, 72 F.3d 170, 175-76 (1st Cir. 1995); United States _______ _____________ -7- 7 v. Gonzalez-Vazquez, 34 F.3d 19, 25 (1st Cir. 1994); United ________________ ______ States v. Mocciola, 891 F.2d 13, 17 (1st Cir. 1989). ______ ________ Clark's second argument rests on his reading of application note1 to 3C1.1. Thatapplication note provides: In applying [ 3C1.1] in respect to alleged false testimony or statements by the defendant, such testimony or statements should be evaluated in a light most favorable to the defendant. U.S.S.G. 3C1.1, comment. (n.1). Clark argues that this instruction required the district court to credit Clark's version of the events (that his co-defendants were lying or misunderstood him) over the testimony of the co-defendants as described in the PSR and given at the sentencing hearing. But the application note cannot mean, as Clark apparently would have it, that the court must resolve all factual or testimonial disputes in favor of the defendant. Nor does it require the district court, in deciding whether an obstruction of justice occurred, to accept a defendant's self-serving denials over the testimony of other witnesses it finds more credible. See United States v. Tracy, 36 F.3d ___ _____________ _____ 199, 203-04 (1st Cir.), cert. denied, 115 S. Ct. 609 (1994); _____ ______ see also United States v. Akitoye, 923 F.2d 221, 228 (1st ________ ______________ _______ Cir. 1991) ("Were that so, the safeguard [of application note 1] would swallow the rule in a single gulp."); United States _____________ v. Franco-Torres, 869 F.2d 797, 801 (5th Cir. 1989) (such a _____________ reading "would effectively enable every defendant to nullify its application by self-serving testimony"). -8- 8 Indeed, the plain language of the application note is not nearly so broad as to permit Clark's reading. The note's instruction is specifically limited to the application of 3C1.1 "in respect to alleged false testimony or statements _____________ by the defendant" and provides that only "such testimony or _________________ statements" should receive the benefit of a defendant- __________ favorable light. U.S.S.G. 3C1.1, comment. (n.1) (emphases added).2 We understand this language to mean that if the defendant is alleged to have obstructed justice by means of false testimony or statements, and if such testimony or statements encompass genuine ambiguities that plausibly suggest that the testimony or statements were innocent as opposed to obstructive, then those ambiguities may have to be resolved in favor of the innocent reading. See Tracy, 36 ___ _____ F.3d at 204 (quoting United States v. Crousore, 1 F.3d 382, _____________ ________ 385 (6th Cir. 1993)). As this court has recently said: [The] interpretive principle [contained in application note 1] only applies to the construction of allegedly perjurious language, not the determination of credibility of fact witnesses. . . . Furthermore, lenitive interpretations only apply 'to the extent that an innocent reading may be plausible.'  ____________________ 2. We find it significant that an earlier version of the application note provided, more expansively, that "the defendant's testimony and statements should be evaluated in a light most favorable to the defendant." U.S.S.G. 3C1.1, comment. (n.1) (Nov. 1990). In amending the application note to read as it currently does, the Sentencing Commission explained that "[t]his amendment more precisely states the meaning of this commentary." U.S.S.G. App. C, amend. 415 (Nov. 1991). -9- 9 United States v. Kelley, 76 F.3d 436, 441 (1st Cir. 1996) _____________ ______ (quoting Tracy, 36 F.3d at 204). In sum, application note 1 _____ requires at most that the district court indulge "lenitive interpretations" of the defendant's allegedly obstructive statements to the extent plausible, and only if those statements are ambiguous. See Tracy, 36 F.3d at 204. It ___ _____ does not require the district court to avoid a finding of obstruction by contriving doubt as to the defendant's conduct where the evidence is otherwise clear, merely because the defendant denies he did anything obstructive. See id. at ___ ___ 203-04; United States v. Rojo-Alvarez, 944 F.2d 959, 969 (1st _____________ ____________ Cir. 1991). Here, there were two aspects of Clark's conduct that the court found constituted obstruction of justice: his attempts to induce his co-defendants to lie to the court, and his statements to the probation officer denying any such attempts. See U.S.S.G. 3C1.1, comment. (n. 3(b) & 3(h)). ___ We review the district court's factual findings underlying the 3C1.1 enhancement only for clear error. See Akitoye, ___ _______ 923 F.2d at 229. As to Clark's attempt to suborn perjury, the lenitive interpretive principle of application note 1 is inapposite, as that conduct did not strictly consist of the making of false statements. The district court explicitly found the testimony of Clark's co-defendants regarding Clark's conduct -10- 10 to be credible, notwithstanding Clark's denials.3 We cannot say that the court's finding was clearly erroneous. As for Clark's allegedly false statements to the probation officer, there was nothing ambiguous about them. There is no dispute that Clark made those statements. Once the district court found that Clark had in fact attempted to induce his co-defendants to perjure themselves, it clearly did not err in finding that Clark's denials to the probation officer constituted obstruction of justice for purposes of 3C1.1. Affirmed. _________  ____________________ 3. The fact that the co-defendants did not recall the precise language Clark used in his entreaties to them does not undercut that finding. -11- 11