108 F.3d 328
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES of America, Appellee,
v.
David Allan SMITH, Defendant, Appellant.
 No. 96-1743.
 United States Court of Appeals, First Circuit.
 March 6, 1997.
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Morton A. Brody, U.S. District Judge]
 Donald R. Furman, Jr. for appellant.
 F. Mark Terison, Assistant United States Attorney, with whom Jay P. McCloskey, United States Attorney, and James L. McCarthy, Assistant United States Attorney, were on brief for appellee.
 Before BOUDIN, Circuit Judge, CYR, Senior Circuit Judge, and LYNCH, Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-appellant David Smith appeals the sentence imposed following his conviction under 18 U.S.C. § 922(g)(1) (felon in possession of firearm) and 18 U.S.C. § 924(a)(2) (prescribing ten-year maximum sentence).[1]
 
 
 2
 First, Smith challenges a two-level enhancement for obstruction of justice, see U.S.S.G § 3C1.1 (Nov.1995), on the ground that the district court ruling that he attempted to suborn perjury was not supported by the requisite subsidiary findings of fact, but relied instead only on the facts detailed in the unchallenged presentence report (PSR). Quite the contrary, however, the district court's explicit adoption of the findings proposed in the PSR left no doubt whatever, either as to the grounds relied upon or their adequacy. See United States v. Tracy, 36 F.3d 199, 203 (1st Cir.1994) (sentencing court need not set out subsidiary findings provided its ultimate findings and grounds plainly appear in record). Nor were the statements upon which the district court findings were based susceptible to innocent interpretation. See United States v. Clark, 84 F.3d 506, 509-10 (1st Cir.), cert. denied, 117 S.Ct. 272 (1996). Thus, Smith's competing interpretations did not render ambiguous the statement given by the witness whose testimony he sought to suborn. See id. at 510.
 
 
 3
 Second, Smith challenges the special condition imposed by the district court, prohibiting his use of alcohol during the three-year term of supervision following his release from prison. See U.S.S.G. § 5D1.3(b) (sentencing judge may impose special conditions reasonably related to nature of offense and personal history of defendant). Smith contends that the prohibition against using alcohol constituted an abuse of discretion, see United States v. Thurlow, 44 F.3d 46, 47 (1st Cir.) (per curiam), cert. denied, 115 S.Ct. 1987 (1995); see also supra n. 1, as there was no evidence linking alcohol to the crime of conviction. Once again we must disagree.
 
 
 4
 There was abundant justification for imposing the special condition. See id. (no abuse of discretion in requiring defendant to abstain from using and possessing alcohol in light of personal history and continuing alcohol abuse). Smith conceded that he has an "abjectly appalling record of driving vehicles while under the influence of alcohol" and admitted violating a condition of his bail by consuming alcohol within twenty-four hours before entering his guilty plea in this case. Thus, the appropriateness of the special condition imposed by the district court is beyond question.
 
 
 5
 Affirmed.
 
 
 
 [1]
 Although Smith failed to assert his claims below, thereby implicating "plain error" review, see United States v. Sanchez-Barreto, 93 F.3d 17, 24 (1st Cir.1996), cert. denied, 117 S.Ct. 711 (1997), we discern no merit even under a de novo standard of review