By the Court (Vuono, Neyman & Shin, JJ.[1] ),
The defendant, Rafael Nina Brito, appeals from an order denying his motion under Mass.R.Crim.P. 29(a)(2), as appearing in 474 Mass. 1503 (2016), to revise or revoke his sentence. He was convicted by a jury of rape on an indictment charging him with aggravated rape; three codefendants were similarly charged. As grounds for his rule 29 motion, the defendant claims that the sentence he received was "unlawfully disparate" from the sentences received by his codefendants and that he was punished for electing to proceed to trial. He also claims that the judge failed to adequately consider his acceptance of responsibility for his conduct. We conclude that the judge did not abuse his discretion in denying the defendant's motion, see Commonwealth v. Malick, 86 Mass. App. Ct. 174, 185 (2014), and, therefore, we affirm.
Background. We summarize the facts and procedural history as follows. The defendant and three of his high school classmates, Harold Baltodano, Lois Arias, and Justin Louf, were the subject of indictments charging aggravated rape. The victim, who attended the same school, was under the influence of alcohol and marijuana when the defendant and the codefendants brought her to the defendant's home on the evening of February 15, 2008, and raped her. Baltodano's case was severed, and the three remaining defendants were scheduled to have a joint trial commencing on March 19, 2012. After jury selection, Arias and Louf pleaded guilty to aggravated rape.[2] Upon acceptance of the pleas, the judge sentenced Arias to serve from four and one-half to five years in State prison. Louf received a sentence of from three years and nine months to four years and three months in State prison. The defendant's case proceeded to trial, and he was convicted of the lesser included offense of rape.
At the sentencing hearing, the prosecutor recommended a seven to eight-year sentence. Defense counsel argued that the defendant deserved a more lenient sentence than his codefendants because he (1) was found guilty of the lesser included offense of rape whereas the codefendants each pleaded guilty to the crime of aggravated rape, (2) had taken responsibility for his actions when he spoke to the police shortly after the rape,[3] (3) had no prior criminal record and came from a good family, and (4) had not make any disparaging remarks about the victim during the trial. Defense counsel suggested that a short term of incarceration, from one to two and one-half years in a State prison, would be adequate punishment. The judge essentially adopted the prosecutor's recommendation and imposed a sentence of from six and one-half to eight years.
The defendant appealed his sentence to the Appellate Division of the Superior Court, but subsequently withdrew that appeal for reasons which are not apparent in the record. We affirmed the defendant's conviction in an unpublished memorandum and order issued pursuant to our rule 1:28. See Commonwealth v. Brito, 89 Mass. App. Ct. 1108 (2016). After the rescript had issued, the defendant filed a motion to revise and revoke his sentence. The motion was accompanied by an affidavit in which the defendant averred, among other things, that he had discussed with his attorney the Commonwealth's pretrial offer of a five-year sentence in exchange for a plea of guilty to aggravated rape. The defendant decided to proceed to trial "because [he] believed it was the right thing to do at that time based on [his] attorney's advice for [him]self and [his] family." Following a nonevidentiary hearing, the trial judge denied the defendant's motion in a margin endorsement. This appeal ensued.
Discussion. The purpose of rule 29"is to permit a judge to reconsider the sentence he has imposed and determine, in light of the facts as they existed at the time of sentencing, whether the sentence was just." Commonwealth v. Layne, 386 Mass. 291, 295 (1982) (emphasis in original). It is within the judge's discretion to grant or deny a motion to revise or revoke the defendant's sentence. Commonwealth v. Malick, 86 Mass. App. Ct. at 185.
The defendant contends that his sentence is unjust because it is harsher than the sentences received by his codefendants, even though he was found guilty of the lesser included offense of rape. The Supreme Judicial Court rejected a similar argument nearly forty years ago. See Commonwealth v. Longval, 378 Mass. 246 (1979). In that case, the defendant, who was convicted after trial of armed robbery (among other offenses), was sentenced to consecutive terms of incarceration in State prison of thirty-two to forty years, and eight to ten years.[4] Id. at 247. By contrast, a codefendant who pleaded guilty to the same indictments received three years in a house of correction and an additional term of probation. In rejecting the defendant's claim that his sentence was unjust, the court explained that "[w]e agree that this court should review sentences for errors of law or constitutional violation, but we do not accept the premise that we ordinarily have jurisdiction to review for alleged disparity." Id. at 252-253.[5] The court further observed that there may be "a case in which the sentence is so severe or the demonstrated disparity so great as to amount to an abuse of discretion and, thus, [will] present an appropriate subject for [ ] review." Id. at 253. However, the circumstances in Longval did not present such a case, and neither does this one. The defendant's sentence falls well below the maximum twenty-year sentence that may be imposed for the crime of rape, G. L. c. 265, § 22(b ). Given these circumstances, we do not view the disparity at issue here to be "so severe ... as to amount to an abuse of discretion." Longval, supra.
We turn next to the defendant's argument that the judge punished him for exercising his right to a jury trial. He points to comments made by the judge before trial commenced indicating that he would take the defendants' acceptance of responsibility, as demonstrated by pleading guilty, into consideration in fashioning an appropriate sentence, and argues that the comments reflected the judge's intent to impose a heavier sentence after trial.[6]
Although we agree with the defendant's premise, that to the extent a trial judge punishes a defendant for having a trial by jury the judge commits constitutional error, that did not occur here. The judge's comments do not support an inference of punishment. Rather, the judge appropriately advised the defendant (and codefendants) that they would be rewarded for accepting responsibility and sparing the victim from the ordeal of testifying. The judge did not suggest that he "had an interest in avoiding trial or that [ ]he was displeased with the defendant's decision to put the Commonwealth to its proof," Commonwealth v. Ravenell, 415 Mass. 191, 195 (1993), and he never stated "that a more severe punishment would follow conviction." Commonwealth v. Souza, 390 Mass. 813, 821 n.6 (1984). Consequently, we conclude that there is no likelihood that the defendant was punished for exercising his constitutional right to have a trial.
Lastly, the defendant asserts the judge abused his discretion by not giving him credit for accepting responsibility for his conduct when he was interviewed by the police shortly after the criminal episode. The short answer to this argument is that the judge, having heard all of the evidence, apparently disagreed with the defendant's characterization of himself as a minor or reluctant participant. Although we do not have the benefit of knowing the judge's reasons for his decision, the record amply supports the conclusion that the defendant was as culpable as his codefendants, if not more so. The victim, who already was intoxicated, was given liquor obtained by the defendant and then brought to the defendant's house. More importantly, by his own admission, the only reason the defendant did not fully engage in the physical act of rape was because he failed to achieve an erection.[7] The defendant also admitted that he did nothing to protect the victim. Furthermore, while the defendant describes his statements to the police as forthright and helpful to the investigation, they were also self-serving and calculated to minimize his role in the offense. In sum, the judge did not abuse his discretion in denying the defendant's motion on the ground that the sentence imposed did not reflect the degree to which he accepted responsibility for his conduct.
Order denying motion to revise and revoke sentence affirmed.

The panelists are listed in order of seniority.

Baltodano subsequently pleaded guilty before the same judge, who imposed a sentence of from four to four and one-half years in State prison.

The defendant points to the fact that he voluntarily appeared at the police station where he gave a statement admitting his involvement in the rape. He described picking the victim up with his friends and bringing her to his home. He admitted that the victim was intoxicated and that he grabbed the victim's breast and the outside of her vagina before attempting to engage in oral sex. The defendant claimed that he did not penetrate the victim because he did not feel aroused. The defendant stated to the officers that "I think I'm just as guilty as them, because I saw it happen ... even if I didn't get involved ... but I'm here fixing it now." In addition, he stated that it is "all my fault because I didn't stop it."

Longval's sentences were reduced by the Appellate Division as a result of a sentence appeal as follows: concurrent terms of thirty to forty years on the armed robbery indictments, and lesser terms as to the other sentences, all to be served concurrently with the sentences for armed robbery.

See also Commonwealth v. Grimshaw, 412 Mass. 505, 513 (1992).

The judge stated: "Okay. I just want to make it clear that if the defendants -- if any defendant were to plead guilty before the victim, the alleged victim, testifies, they get full credit for acceptance of responsibility, just so you know, Okay?" The judge continued: "All right? I don't -- I mean we have this -- you know, with this many defendants, we had to select a jury and everything anyways. So there's no harm, no foul."

Among other statements, the defendant told the police that "if my thing went up, I would have been involved in it too."