COMMONWEALTH *vs.* ROBERT THOMAS.    November 21, 1980. The
defendant's motion to revoke and revise his guilty pleas was treated as a
"motion [for leave] to withdraw guilty plea[s]" and was denied by the
same Superior Court judge who had accepted the pleas. The defendant
now appeals from that denial.[1]

---

[1] An account of the circumstances of the murder and the robbery in which this
defendant was involved can be found in *Commonwealth* v. *Funches,* 379 Mass.
283, 285 & n.2 (1979).

The defendant, now asserting that he was not involved in any of the alleged offenses, claims that after the prosecutor's opening he became convinced that he would be convicted of murder in the first degree merely because he was present when the victim was shot by another person and, based on that belief, he falsely pleaded guilty to murder in the second degree in order to preclude the possibility of a life sentence without a chance of parole. We note at the outset that "the fact that a defendant professes innocence does not alone invalidate a guilty plea," *Commonwealth* v. *Morrow*, 363 Mass. 601, 607 (1973), and that "[a] guilty plea . . . is not 'compelled and invalid under the Fifth Amendment whenever motivated by the defendant's desire to accept the certainty or probability of a lesser penalty rather than face a wider range of possibilities.'" *Id.* at 606, quoting from *Brady* v. *United States*, 397 U.S. 742, 751 (1970). See *Commonwealth* v. *Leate*, 367 Mass. 689, 694 (1975). See also *North Carolina* v. *Alford*, 400 U.S. 25, 31-38 (1970).

Passing the point that the motion judge found much of the defendant's testimony at the hearing not credible (see *Commonwealth* v. *McGuirk*, 376 Mass. 338, 346 [1978], cert. denied 439 U.S. 1120 [1979]), we think that "the record shows affirmatively that the defendant entered the plea[s] freely and understandingly." *Commonwealth* v. *Foster*, 368 Mass. 100, 102 (1975). See *Boykin* v. *Alabama*, 395 U.S. 238, 242 (1969).

There is ample support in the record for the judge's careful and comprehensive findings that the defendant's pleas were voluntary and met the standards set forth in *Henderson* v. *Morgan*, 426 U.S. 637, 644-646 (1976). The judge conducted a more exhaustive inquiry than the one approved in *Commonwealth* v. *Taylor*, 370 Mass. 141, 144-145 n.5 (1976). In probing the voluntariness of the pleas she questioned the defendant about his understanding of the charges, of the consequences of the pleas, of the joint venture principle, and of his constitutional rights. She specifically inquired whether his attorney had satisfactorily represented him. She even canvassed the facts set out in the prosecutor's opening. The fact that the defendant merely replied in the affirmative to the judge's questions is of no avail. See *Commonwealth* v. *Soffen*, 377 Mass. 433, 442 (1979). In addition, she interrogated the defendant's counsel as to whether he had thoroughly reviewed all the options open to his client and whether he had had ample time to prepare the defense. (And in the opinion of that counsel the defendant's pleas were made freely and understandingly and with full knowledge of the possible consequences.)

The defendant also claims that the judge erred in not informing him that malice aforethought was an element of murder in the second degree. This argument fails. As the defendant admitted sufficient facts to constitute the essential elements of murder in the first degree under the felony-murder rule, "[m]alice aforethought is conclusively established . . . ." *Osborne* v. *Commonwealth*, 378 Mass. 104, 108 (1979). See *Commonwealth* v. *McGuirk, supra* at 344. See also *McGuirk* v. *Fair*, 622 F.2d 597 (1st Cir. 1980).

Rescript Opinions.

The defendant's final contention is that he was denied the effective assistance of counsel at the plea proceeding. We agree with the defendant's new counsel at the motion hearing that the record is devoid of any evidence of incompetence on the part of the original counsel. See *Commonwealth* v. *Adams*, 374 Mass. 722, 728-729 (1978), and cases cited.

In sum, we think that the motion was properly denied for the reasons set forth by the motion judge in her excellent memorandum of decision.

*Order affirmed.*

*George F. Gormley (Alice A. Hanlon* with him) for the defendant.
*Leonard Henson*, Assistant District Attorney, for the Commonwealth.


