COMMONWEALTH *vs.* JONATHAN L. LEBON.

No. 93-P-314.

Middlesex. September 13, 1994. - December 12, 1994.

Present: BROWN, KASS & FINE, JJ.

*Judge. Practice, Criminal*, Sentence, Trial by jury. *Constitutional Law*, Trial by jury.

Where a District Court judge indicated that, should the jury after trial return a verdict of guilty, he would sentence the defendant to a period of incarceration, but that, should the defendant stand trial jury-waived, the judge would not impose a committed jail sentence, whereupon the defendant chose the jury-waived option, the judge effectively coerced the defendant into abandoning his right to a trial by jury and a new trial was required. [705-708] BROWN, J., dissenting.

COMPLAINT received and sworn to in the Cambridge Division of the District Court Department on January 2, 1992.

On appeal to the jury session of that court, the case was heard by *Kevin M. Herlihy*, J.

*John G. Swomley* for the defendant.

*Richard W. Jensen*, Special Assistant District Attorney, for the Commonwealth.

KASS, J. During a lobby conference with counsel before trial in a jury-of-six session, the trial judge indicated that, should the jury return a verdict of guilty, he would sentence the defendant to a period of committed incarceration. Jonathan L. Lebon, the defendant, had been charged with violation of a "stay away" order issued under G. L. c. 209A. When defense counsel inquired how the court might sentence should the defendant stand trial jury-waived, the judge responded that in such event he would not impose a committed

jail sentence.[1] Thereupon the defendant chose the jury-waived option, was found guilty, and sentenced to six months in a house of correction, suspended for two years.

The defendant has appealed on the ground that the judge coerced the defendant into giving up his right to be tried by a jury. Although the judge engaged in a colloquy with the defendant to determine whether the defendant was intelligently and voluntarily waiving his right to trial by jury, we think that the judge, by offering substantially lighter punishment in return for the defendant not electing a jury trial, so dampened the defendant's right to trial by jury as to deprive him of it. Accordingly, we reverse the judgment of conviction.

Trial by jury in a criminal case is, of course, a constitutionally protected right. Sixth Amendment to the United States Constitution. Art. 12 of the Declaration of Rights of the Massachusetts Constitution. Indeed, art. 15 of the Declaration of Rights proclaims that the right to jury trial in a civil matter "shall be held sacred" and one may comfortably conclude that in cases where liberty is at stake, the right is not less sacrosanct. Because the right to a jury trial is exalted in our system of justice, a judge may not punish a defendant for exercising his right to trial and the verdict of a jury. *Letters* v. *Commonwealth*, 346 Mass. 403, 405 (1963). *Commonwealth* v. *Coleman*, 390 Mass. 797, 804 n.7 (1984). *Commonwealth* v. *Ravenell*, 415 Mass. 191, 193 (1993). *Commonwealth* v. *Damiano*, 14 Mass. App. Ct. 615, 618 (1982). *Commonwealth* v. *Johnson*, 27 Mass. App. Ct. 746, 750 (1989), habeas corpus denied sub nom. *Johnson* v. *Vose*, 927 F.2d 10 (1st Cir. 1991). *Commonwealth* v. *Ford*, 35 Mass. App. Ct. 752, 757-758 (1994).

Of the cases cited in the previous paragraph, the *Coleman, Ravenell, Damiano, Johnson,* and *Ford* cases present the

---

[1]There was no stenographic record of the lobby.conference. The parties prepared an agreed statement of what had been said in the lobby conference, purportedly under Mass.R.A.P. 8(d), 378 Mass. 934 (1979). Although the trial judge did not expressly "approve" the agreed statement, he allowed a motion to expand the trial record to include the statement. We think that amounts to a de facto approval of the agreed statement. The issue raised by the statement, therefore, is properly before us.

more familiar scenario in which the defendant, after sentenc-
ing, protests that the judge has imposed harsher punishment
because the defendant elected to stand trial rather than plead
guilty. In such instances, the courts have been at pains to
observe that a stiffer sentence after trial than may have been
offered in a plea bargain "does not, by itself, betoken vindic-
tiveness," not least because "[t]he willingness of the defend-
ant to admit guilt [and so taking the first step toward reha-
bilitation] . . . is a proper factor in more lenient sentencing."
*Commonwealth* v. *Johnson*, 27 Mass. App. Ct. at 750-751,
and cases and authorities there cited.

To tell a defendant straight out that punishment will be
more severe if he elects to stand trial is coercion as matter of
law. *Letters* v. *Commonwealth*, 346 Mass. at 406. That prin-
ciple applies, perhaps even more cogently, to an election
whether to be tried by a jury. When a defendant opts to
plead or stand trial, as we have observed, admission of guilt
is a socially positive act entitled to reward. When the ques-
tion is whether to exercise the right to trial by jury, the de-
fendant has remained steadfast in the position that he is not
guilty and desires to stand trial. To then lay before the de-
fendant the prospect of enhanced punishment should he
claim a jury presses the defendant to abandon the right that
the State and Federal Constitutions so sanctify.

After the defendant in the instant case notified the trial
judge that he wished to waive his right to trial by jury, the
judge engaged the defendant in the sort of colloquy sug-
gested in *Ciummei* v. *Commonwealth*, 378 Mass. 504, 508-
510 (1979). See also *Commonwealth* v. *Schofield*, 391 Mass.
772 (1984). Among the questions the judge put was one in
which he asked: "Has any one forced you or promised you
anything to give up your right to a jury trial?" The defend-
ant answered, "No." We have considered whether by so re-
sponding (as well as more generalized responses in the collo-
quy that he was satisfied to be tried by the judge without
jury), the defendant waived not only a jury but the right to
argue on appeal that he had been coerced. Our learned col-

league observes in his dissent that "a deal is a deal" but a deal is not always a deal when one side has all the cards.

If a defendant elects to waive a jury out of fear of enhanced punishment if he is found guilty by a jury rather than a judge, it is artificial to expect him to protest to the same judge who has put pressure on him that he is making his choice because of that pressure. In such a situation it is the judge, albeit with the understandable motive of moving the trial list, who has put the defendant to a choice, that is apparently free but in fact is not. It is not reasonable, and, therefore, not consonant with justice to require the defendant to make a simultaneous constitutional challenge when the consequence of the challenge may be a trip directly to jail. In this case, for example, the risk was great that the judge's response to such a challenge (quite properly) would be to opt for a committed sentence whichever avenue the defendant chose.

On the view we have taken of the case, we need not consider the other issues raised by the defendant. For the reason that the effect of the choices offered by the judge coerced the defendant into abandoning his right to a trial by jury, the judgment is reversed, and the defendant may have a new trial.

*So ordered.*

BROWN, J. (dissenting). The question presented is whether the judge made certain comments to the defendant in order to compel the defendant to forgo his constitutional right to a jury trial and instead choose a bench trial. Convicted at a jury-waived trial, the defendant now claims that the judge elevated the consequences of an unfavorable verdict if he had decided to exercise his option to be tried to a jury, thereby impermissibly placing a considerable damper on his right to a jury trial.[1]

---

[1] Prior to a jury session in the District Court, the judge indicated, in an unrecorded lobby conference, that he would sentence the defendant to "a

Although such action by a judge as occurred here is not viewed with favor, under settled principles, reversible error is not automatic. See, e.g., *Commonwealth* v. *Ford*, 35 Mass. App. Ct. 752, 757-758 (1994) (no reasonable likelihood of vindictiveness). Even if the judge, by making the comments, was attempting to induce the defendant to choose a bench trial instead of a trial to a jury, I do not think those comments alone are sufficient to demonstrate actual coercion or even raise a presumption of coercion. See *Commonwealth* v. *Ravenell*, 415 Mass. 191, 195 (1993).

Despite judicial abhorrence of such a practice, for an appellate court to disturb a conviction, there must be objective evidence to support a claim of coercion. See *Commonwealth* v. *Damiano*, 14 Mass. App. Ct. 615, 619 n.8, 623 n.14 (1982) (coercion defined as "the use of a threat to induce action").

"Error enters the picture if a defendant is punished for exercising his right to trial and the verdict of a jury." *Commonwealth* v. *Johnson*, 27 Mass. App. Ct. 746, 750 (1989), habeas corpus denied sub nom. *Johnson* v. *Vose*, 927 F.2d 10 (1st Cir. 1991). See also *Commonwealth* v. *Damiano*, 14 Mass. App. Ct. at 622-623 & n.14, and cases cited. No such showing has been made here. See *Commonwealth* v. *Ravenell*, 415 Mass. at 193-195. The defendant was neither threatened nor punished. What occurred here was that the judge merely made a suggestion of leniency. The defendant received a fair trial, albeit jury-waived, and the judge imposed a proper sentence, which, as he had previously intimated, did not entail "a period of committed incarceration." As we have said in other circumstances, "a deal is a deal."

---

period of incarceration" if the jury returned a guilty verdict. The defense counsel, then asked "what would happen if the defendant went jury-waived." The judge responded that he would not impose "a period of committed incarceration."