COMMONWEALTH *vs.* LEON CARTER. No. 99-P-1252. August 22, 2000. *Armed Assault with Intent to Rob. Practice, Criminal,* Plea, Sentence. *Constitutional Law,* Plea.

On December 3, 1996, the defendant was indicted on charges of assault and battery, G. L. c. 265, § 13A, and armed assault with intent to rob, G. L. c. 265, § 18(*b*). A jury found the defendant not guilty on the assault and battery indictment. The judge declared a mistrial on the armed assault with intent to rob indictment. During the retrial of that indictment, the defendant accepted a plea bargain, pleaded guilty, and was sentenced to six years to six years and one day. The defendant subsequently filed a motion for a new trial on the ground that his guilty plea was coerced and therefore not voluntary. Following a hearing, the trial judge denied the defendant's motion for a new trial, from which the defendant brings this appeal.

During a side bar conference at the retrial on the sole remaining indictment, for armed assault with intent to rob, the judge asked counsel whether they had attempted to resolve the case before trial. He was informed that the defendant had rejected a proposed sentence of seven to nine years and another proposed sentence of four and one-half to five years. Defense counsel indicated that his

---

client would plead guilty in exchange for a two to three year sentence. The judge was also informed that the defendant had prior convictions for armed robbery. After inquiring about the maximum penalty for a conviction on armed assault with intent to rob, the judge stated that, if the defendant was convicted after trial, he would "do the whole twenty." At the conclusion of the side bar conference, the judge also stated, "I just want it on the record that at the side bar I informed counsel for the defendant that on a plea I would give a six years to six years and a day sentence but after trial it's eighteen to twenty . . . . I just want it on the record so that there is no misunderstanding that in the trial if he's found guilty, it will be eighteen to twenty." The defendant declined at that point to plead guilty, but following the completion of the testimony of the Commonwealth's first witness, the defendant informed the judge that he was willing to take the offer of six years to six years and a day. The judge engaged in an unremarkable colloquy with the defendant, during which the defendant agreed that his guilty plea was made voluntarily. The judge then imposed the lower sentence of six years to six years and a day.

On appeal, the defendant asserts that he pleaded guilty only after the trial judge told him that, if he were convicted after trial, he would receive a sentence that was three times more harsh than the sentence the judge was offering prior to trial. The judge's statements about sentencing were coercive. As a result, the defendant's guilty plea was not voluntary and he is entitled to a new trial.

The defendant's plea was "induced at least in part by threat of punishment for exercising a basic constitutional right," and was voidable. *Letters* v. *Commonwealth*, 346 Mass. 403, 408 (1963) (guilty plea expunged where trial judge told defense counsel that the defendant would receive two life sentences to be served consecutively, if found guilty of rape charges, but if he pleaded guilty, only one life sentence would be imposed). "No matter how heinous the offense charged, how overwhelming the proof of guilt may appear, or how hopeless the defense, a defendant's right to continue with his trial may not be violated. His constitutional right to require the Government to proceed to a conclusion of the trial to establish guilt by independent evidence should not be exercised under the shadow of a penalty . . . . To impose upon a defendant such alternatives amounts to coercion as a matter of law." *Id*. at 406, quoting from *United States* v. *Tateo*, 214 F. Supp. 560, 567 (S.D.N.Y. 1963).

In *Commonwealth* v. *Lebon*, 37 Mass. App. Ct. 705 (1994), we similarly reversed a conviction based on a guilty finding, following a jury-waived trial, when we determined that a defendant's waiver of his right to a jury trial had been coerced. There, a trial judge indicated to a defendant who had been charged with a violation of G. L. c. 209A that, if the jury returned a guilty verdict, he would sentence the defendant to a period of committed incarceration, but that, if the defendant stood trial jury-waived, then the judge would not impose a committed jail sentence. We concluded that, "[a]lthough the judge engaged in a colloquy with the defendant to determine whether the defendant was intelligently and voluntarily waiving his right to trial by jury, we think that the judge, by offering substantially lighter punishment in return for the defendant not electing a jury trial, so dampened the defendant's right to trial by jury as to deprive him of it." *Id*. at 706.

Trial judges are permitted to inform defendants about their options and about the ramifications of a decision to enter a plea or proceed to trial. See

and compare *Commonwealth* v. *Damiano*, 14 Mass. App. Ct. 615, 620 (1982) (stating that where sentencing alternatives were discussed with the trial judge and the judge did not commit himself in advance to the imposition of a particular sentence, there was no basis for concluding that the trial judge had coerced the defendant's guilty pleas). In the present case the judge went beyond merely informing the defendant of his options. The judge unequivocally told the defendant that, if he opted to proceed to trial, he would be given a twenty-year sentence if found guilty. A judge's involvement in plea negotiations violates a defendant's constitutional rights if the judge "force[s] a guilty plea by putting the defendant on notice that he could expect more severe punishment if he insisted on a trial by jury." *Id.* at 618-619. Notwithstanding the plea colloquy, the choice offered by the trial judge coerced the defendant into abandoning his right to a trial by jury. Accordingly, the judgment is reversed.

*So ordered.*

*James R. Knudsen* for the defendant.

*Karen A. Palumbo*, Assistant District Attorney (*T. Jane Gabriel*, Assistant District Attorney, with her) for the Commonwealth.