Commonwealth *vs.* James M. Bowen.

No. 04-P-609.

Norfolk. January 11, 2005. - May 20, 2005.

Present: Armstrong, C.J., Laurence, & Mills, JJ.

*Rules of Criminal Procedure. Practice, Criminal,* Plea, New trial, Findings by judge. *Due Process of Law,* Plea, Right to trial.

This court concluded that a Superior Court judge abused his discretion in granting a criminal defendant's motion to withdraw a guilty plea pursuant to Mass.R.Crim.P. 30(b), brought on the ground that the defendant had been coerced to plead guilty by statements made by the judge during a lobby conference on sentencing, where the judge failed to make findings after a hearing or to expressly rule on the credibility of the allegation of coercion, and where the judge's stated intention of obviating any concern over any alleged coercion was not sufficient grounds on which to withdraw a guilty plea under rule 30. [583-586]

Indictments found and returned in the Superior Court Department on September 2, 1999.

A motion for a new trial, filed on July 21, 2003, was heard by *Thomas E. Connolly,* J.

*Tracey A. Cusick,* Assistant District Attorney, for the Commonwealth.

*James J. Cipoletta* for the defendant.

Mills, J. The Commonwealth appeals the allowance of the defendant's motion for a new trial (withdrawal of guilty plea), and urges that the judge abused his discretion by failing to apply the standards set forth in Mass.R.Crim.P. 30(b), as appearing in 435 Mass. 1501 (2001).[1]

[1]Rule 30(b) of the Massachusetts Rules of Criminal Procedure provides:

"The trial judge upon motion in writing may grant a new trial at any time if it appears that justice may not have been done. Upon the motion

1. *Background.* On the eve of the defendant's scheduled trial on multiple indictments, including six counts of rape and six counts of aggravated rape, the prosecutor, defense attorney, and judge met in the judge's lobby to discuss outstanding motions and trial logistics. The possibility of a change of plea was also discussed, and the prosecutor advised that the Commonwealth's sentencing recommendation would be concurrent sentences of from eight to ten years' incarceration, followed by a lengthy term of probation.[2] The judge took part in the plea discussion and some of his remarks at that time, now reported differently by the attorneys, have become central to this appeal. That the judge advised that he would award the recommended sentence, in the event of a plea, is agreed. Other comments attributed to the judge by the defendant are in dispute.

At defense counsel's request, the judge allowed the defendant to consider, overnight, the possibility of a change of plea, and the following morning, after further conference with his attorney, the defendant changed his plea to guilty. He and his attorney signed a "waiver of defendant's rights" form which recited that the plea was "not the result of force, threats, assurance or promises. I have decided to plead guilty voluntarily and freely, rather than at the direction of or because of the recommendation of any other person." In a portion of that form, the defendant's attorney attested to the fact that he had "discussed this case and the plea recommendation with [his] client in detail and [had] advised the defendant of all matters within the scope of [Mass.R.Crim.P. 12, 378 Mass. 866 (1979)], including, the constitutional and other rights of the accused . . . and the consequences of the guilty plea." The attorney's portion of the form also contained the recitation, "I represent to the Court that

the trial judge shall make such findings of fact as are necessary to resolve the defendant's allegations of error of law."

[2]There was no court reporter present. See *Commonwealth* v. *Fanelli*, 412 Mass. 497, 501 (1992) ("if a lobby conference is held, the better practice is to record it, and provide a copy of the recording to the defendant on request, so that the defendant may know what was said"). There is nothing in the record to suggest that either attorney called this caution to the judge's attention.

the Defendant has signed this document voluntarily in my presence."[3]

The sufficiency of the judge's plea colloquy is not challenged by the defendant. After the judge accepted the plea, the defendant made a brief apology, but declined the judge's invitation to make a further statement. The judge sentenced the defendant to what had been jointly recommended.

In August of 2001, eight months after pleading guilty, the defendant filed a pro se motion seeking appointment of counsel to assist him in withdrawing the plea, claiming it had been coerced. Counsel was appointed, and in July of 2003, the defendant filed a motion for a new trial and the Commonwealth filed an opposition. The defendant submitted several affidavits in support of his claim that his plea was coerced. In his own affidavit, the defendant alleged, inter alia, that after the lobby conference (a) his attorney indicated that the Commonwealth would recommend a sentence of from eight to ten years with a guilty plea; (b) he told his attorney that he would never plead guilty; and (c) in response to his reaction, his lawyer "indicated to [the defendant], 'well, [the judge] said that if [the defendant did not] accept this plea, and . . . instead [chose] to go to trial, and if [the defendant were] found guilty, he will sentence [the defendant] to 25-30 years.' " The defendant's affidavit contained additional matters including his attorney's reiteration of the judge's position if the defendant went to trial, including "if [the defendant] were to go to trial and be convicted, the judge would sentence [him] to 25-30 years."

---

[3]Rule 12 of the Massachusetts Rules of Criminal Procedure is intended to promote "fairness by insuring that each . . . plea [is] an accurate reflection of guilt and a fair termination of criminal proceedings against a defendant." Reporter's Notes to Mass.R.Crim.P. 12, Mass. Ann. Laws Court Rules, Rules of Criminal Procedure, at 1302 (LexisNexis 2003). Among the rule's many requirements is one that the judge determine that the plea is made voluntarily by a defendant who understands the nature of the charge and the consequences of the plea. Mass.R.Crim.P. 12(a)(2). The judge is required to inform the defendant that by his plea of guilty he waives his right to trial with or without a jury, his right to confrontation of witnesses, and his privilege against self-incrimination. Mass.R.Crim.P. 12(c)(3).

The text of rule 12 does not include an express prohibition against judicial involvement in plea bargaining, but "judges . . . are not to participate as active negotiators in plea bargaining discussions." *Commonwealth* v. *Gordon*, 410 Mass. 498, 501 n.3 (1991).

In his affidavit, the defendant's trial attorney, referencing the lobby conference, affirmed that the judge "further stated that if [the defendant were] convicted after trial he would receive a sentence of 25-30 years," but that the judge would impose the recommended sentence of from eight to ten years and a consecutive term of probation in the event of a change of plea. The affiant stated that he reported the substance of the lobby conference to the defendant, including his advice to the defendant that, "[I]n view of the Court's rulings on pre-trial motions, there was a strong likelihood that he would be convicted at a jury trial and if convicted would in fact receive a sentence of 25-30 years."

The Commonwealth's opposition to the defendant's motion was accompanied by the affidavit of the Commonwealth's prosecutor who was present at the lobby conference. Her thirty-three paragraph affidavit acknowledged change of plea discussions in the lobby, that the Commonwealth's recommendation was as reported above, and that the judge "said that he thought that [the Commonwealth's] recommendation was very reasonable, and if the defendant were found guilty at trial, he could face a significantly greater penalty. The judge remarked that the Commonwealth's case appeared to be strong, and the videotapes were compelling evidence. . . . The judge did not threaten that in the event of a conviction after trial, the defendant 'would receive a sentence of 25-30 years.' "

On April 14, 2004, without a hearing, the judge allowed the motion and issued a memorandum of decision. After summarizing the nature of the several offenses, and some of the Commonwealth's intended evidence, the judge explicitly noted the defendant's claim that he was "coerced to change his plea to guilty based upon what [his trial attorney] told him that the Court said in a lobby conference regarding sentencing." Then, after comment on the constitutional jury trial right, the judge summarized some recalled portions of the lobby conference, but noted "no recollection of ever saying 'that if [the defendant were] convicted after trial he would receive a sentence of 25-30 years.' " The judge stated, as well, that "[a]t no time did the defendant or his lawyer raise any issue concerning coercion to pleading guilty. If at any time during [the relevant two days]

any claim of coercion or threat was made known . . . [he] would have suspended the proceedings and held a hearing on that issue."

After noting the factual conflicts in the competing affidavits of the defense attorney and the prosecutor who attended the lobby conference, the judge repeated that he "had no memory of making [the 25-30 year] statement, but . . . remember[ed] stating . . . that [the defendant's attorney] and the defendant should keep in mind that the crimes charged, if the defendant [were] found guilty could result in a much longer sentence." The memorandum continues: "the right to a jury trial is a right sacred under our Constitution. The defendant, whether by his own choice or by the claimed coercion has not had that jury trial. The Court, in the exercise of caution, will allow the defendant's Motion for a New Trial. While such a trial will be a great expense to the Commonwealth and inconvenience to the witnesses, the granting of this motion will obviate any concern concerning any alleged coercion, and grant the defendant his constitutional right to a jury trial." The judge made no finding as to what was said by him in the lobby discussion (other than his inability to recall, and his doubt that he did so speak as alleged by the defendant and his attorney), no consequent finding to address the conflict in the competing affidavits, no findings on the potential of prejudice to the Commonwealth, and no finding that the plea was impermissibly coerced at a level violative of due process.

We hold that the matter must be remanded for hearing and further determination.

2. *Discussion.* Rule 30(b) of the Massachusetts Rules of Criminal Procedure provides that a judge may permit withdrawal of a guilty plea if it appears that justice may not have been done, and directs that the judge shall make such findings of fact as are necessary to resolve the defendant's allegations of error of law. "On the Commonwealth's appeal of the grant of a defendant's motion for a new trial, we consider whether the judge committed a significant error of law or abuse of discretion in allowing the defendant's motion." *Commonwealth* v. *Alvarez*, 433 Mass. 93, 100-101 (2000). The "motion . . . is addressed to the sound discretion of the judge . . . whose

disposition will not be upset unless shown not only to have been an abuse of that discretion but also to have produced a manifestly unjust result. . . . Those are stringent standards, which should be applied 'rigorously.' " *Commonwealth* v. *Thurston*, 53 Mass. App. Ct. 548, 551 (2002). "Rule 30(b) motions are collateral attacks on final decisions. . . . The defendant has the burden of producing a credible reason to reverse the final decision, arrived at after trial or plea, that outweighs the risk of prejudice to the Commonwealth." *Commonwealth* v. *Wheeler*, 52 Mass. App. Ct. 631, 637 (2001), citing *Commonwealth* v. *Lopez*, 426 Mass. 657, 661-665 (1998). And "[w]hether an evidentiary hearing should be held on such a motion depends not just on the defendant's presenting a serious or substantial issue, but also on his making a credible and adequate showing thereon." *Commonwealth* v. *Thurston, supra.* See *Commonwealth* v. *Alvarez, supra* at 101 n.8; *Commonwealth* v. *Sullivan*, 435 Mass. 722, 733-734 (2002).

In this case the principal claim of the defendant is that he gave up his right to a jury trial and pleaded guilty as the result of coercion at a level violative of due process. "[T]he existence of a due process violation is established only by objective proof[] that the judge forced a guilty plea by putting the defendant on notice that he could expect more severe punishment if he insisted on a trial by jury." *Commonwealth* v. *Damiano*, 14 Mass. App. Ct. 615, 618-619 (1982). "The United States Supreme Court has acknowledged the legitimacy of plea bargaining and rejected the 'notion that a guilty plea is involuntary in a constitutional sense simply because it is the end result of the bargaining process,' " and a certain amount of psychological or emotional pressure (or coercion, if you will) "is endemic to any system which asks a person to forgo certain rights in order to be spared certain penalties." *Id.* at 619. Still, "[i]t is fundamental that 'a defendant, whatever his character, may not be punished for exercising his right to trial' . . . [and it] follows that a plea of guilty induced by a judge's threat to impose more severe punishment upon a defendant who chooses to exercise his constitutional rights is void." *Id.* at 618, quoting from *Letters* v. *Commonwealth*, 346 Mass. 403, 405-406 (1963).

· In this case the defendant advanced colorable reasons for his new trial request. The judge obviously treated the allegation of coercion as being sufficiently serious — he granted the defendant's motion — but he never made findings or expressly ruled on the credibility of that allegation of coercion. The question now is whether the granting of the motion, without sufficient credibility determinations or findings after a hearing (allowing the Commonwealth to vigorously test the controverted allegations concerning the judge's alleged "threat"), was an abuse of discretion, and whether the judge's stated intention of obviating "any concern concerning any alleged coercion" is sufficient under the explicit standards of rule 30(b). We agree with the Commonwealth that "claimed coercion" is an insufficient basis for allowing a guilty plea to be withdrawn, unless there is a finding of coercion in fact rising to an impermissible level violative of due process to the extent that the guilty plea is induced. That level of coercion in this case would mean that the judge forced a guilty plea by putting the defendant on notice that he could expect more severe punishment because he insisted on exercising his right to a trial by jury.[4]

We also hold that an "exercise of caution," while perhaps a relevant collateral concern, cannot substitute for the required findings of fact establishing that justice may not have been done. The ultimate finding (or ruling) that the coercion claimed by the defendant was of a level violative of due process must be based upon factual findings that, in this case, require a determination whether the "twenty-five to thirty years" comment attributed to the judge was, in fact, made and communicated to the defendant and, in the circumstances of the case, induced the defendant to plead guilty. It is also necessary that the Commonwealth have the opportunity to test the

---

[4]We wish to emphasize that what is prohibited is punishing a defendant *because* he insisted on his right to trial, as opposed to an award of a greater sentence after trial because the offenses, and the evidence presented at trial, warrant it. There is an important distinction between what a judge will, as opposed to could, award as a sentence, given the statutory range of sentences. See *Commonwealth v. Carter*, 50 Mass. App. Ct. 902, 904 (2000) (impermissible coercion found when judge "unequivocally told" defendant he would be given twenty-year sentence if he opted to proceed to trial).

evidence of the defendant's allegations, and that potential prejudice to the Commonwealth be taken into account.[5]

The order allowing the defendant's motion for new trial is vacated, and the matter is remanded for further proceedings consistent with this opinion.[6]

*So ordered.*

---

[5]The circumstances of this case emphasize the delicate caution that is required of a judge in relation to the plea bargaining between the defendant's attorney and the prosecutor. See, in addition to notes 2 and 3, *supra, Commonwealth* v. *Hogan*, 426 Mass. 424, 430 (1998), quoting from *Commonwealth* v. *Gordon*, 410 Mass. 498, 501 n.3 (1991) ("We take this opportunity to remind judges that they are not to participate as *active* negotiators in plea bargaining discussions" [emphasis supplied]); *Commonwealth* v. *Damiano*, 14 Mass. App. Ct. at 618 ("This is not to say, however, that a judge's involvement in the plea bargaining process is a per se violation of a defendant's rights . . . [and] we recognize that the permissible limits of such involvement by no means approach the latitude given to prosecutors"); *Commonwealth* v. *Johnson*, 27 Mass. App. Ct. 746, 750 (1989) ("Participation by a trial judge in plea bargaining, although not proscribed in Massachusetts,[] is discouraged"). See also Smith, Criminal Practice & Procedure § 1212 (2d ed. 1983 & Supp. 2004).

[6]A hearing is necessary. At the very least, the Commonwealth is entitled to test the allegations in the defendant's affidavit submissions. We do not direct that the matter be heard by a different judge, leaving that to the motion judge's discretion. We note, however, the possibility that he may be refreshed in his own memory by listening to the live testimony of witnesses. Findings are necessary, at the least, as to what was said by this judge in connection with potential sentencing; what, if anything, was communicated to the defendant by his attorney; whether the defendant was, in fact, coerced beyond permissible limits to relinquishment of his right to a jury trial; and whether and to what extent the grant of relief would prejudice the Commonwealth. Issues of credibility are, of course, completely the province of the judge.