The defendant appeals from an order of a Boston Municipal Court judge denying his motion to vacate his guilty pleas on two counts of assault by means of a dangerous weapon, G. L. c. 265, § 15B, and one count of discharging a firearm within 500 feet of a building, G. L. c. 269, § 12E. On appeal, he principally maintains that the guilty pleas were not intelligently made. For the reasons set forth below, we reverse the order as to the charge of discharging a firearm and otherwise affirm.
Discussion. a. Assault by means of a dangerous weapon. The defendant contends that the judge abused his discretion in denying his motion to vacate his guilty pleas on the two assault charges because the facts recited by the prosecutor were insufficient to show that he was either the principal shooter or in a joint venture with the codefendant.[2] Because the prosecutor's recitation of facts was sufficient under either theory, and because the defendant admitted to these facts,[3] the intelligence requirement was met. See Commonwealth v. Furr, 454 Mass. 101, 671 (2009). The prosecutor stated that a witness saw the defendant and the codefendant each "firing" at the victim. This was sufficient to show that the defendant was a principal shooter. See Commonwealth v. Melton, 436 Mass. 291, 294 (2002). Furthermore, the prosecutor stated that the defendant and his codefendant yelled at the victim prior to the shooting, fired at the victim, and then fled towards the Ruggles MBTA station; together these facts were sufficient to show that the defendant acted in concert with his codefendant with the intent required for assault by means of a dangerous weapon. See, e.g., Commonwealth v. Brannon B., 66 Mass. App. Ct. 97, 100 (2006). On this record, the judge did not abuse his discretion in concluding that the defendant's pleas were intelligently made as regards to the assault charges.[4] ,[5]
b. Discharging a firearm within 500 feet of a building. Because the prosecutor provided insufficient information regarding the nature of the neighborhood in which the shooting took place,[6] stating only that the approximate location of the shooting was on Windsor Street near Melnea Cass Boulevard and the Ruggles MBTA station, the order as to that charge cannot stand.
Conclusion. The order denying the motion to vacate the defendant's guilty pleas is reversed as to the plea on the charge of discharging a firearm within 500 feet of a building. In all other respects, the order is affirmed.[7]
So ordered.
Reversed in part; affirmed in part

The defendant's contention that his plea must be vacated because he may not have paid attention to the prosecutor's recitation, as it came at the beginning of the hearing and the judge did not specifically advise him to pay attention, is without merit. See, e.g., Commonwealth v. Colantoni, 396 Mass. 672, 680 (1986).

The judge asked whether the defendant "agreed" to the recited facts, to which the defendant responded, "Yeah." The defendant contends that the judge's use of the past tense raises a question as to whether the defendant understood he was agreeing to the facts recited. Given that the colloquy occurred during a hearing specifically addressing the defendant's decision to change his pleas to guilty, he executed the tender of plea sheet setting forth the change of pleas, and his counsel engaged in discussions regarding the conflicting sentencing recommendations, we disagree.

For these same reasons, the Mass. R. Crim. P. 12, as appearing in 442 Mass. 1511 (2004), requirement (that there be sufficient facts recited by the prosecutor as to each element of the assault charges) was met. See Commonwealth v. Hart, 467 Mass. 322, 325 (2014).

The defendant maintains that the record as a whole, including the fact that the defendant was eighteen years old, raises doubt as to whether the defendant intended to change his pleas to guilty. Having reviewed the record, we disagree. See note 2, supra.

Compare Commonwealth v. Mendes, 75 Mass. App. Ct. 390, 394 2009 ).

In light of our decision with regard to the discharge of a firearm count, as to which the defendant received a disposition of straight probation, we need not address the defendant's separate argument that the judge failed to inform him of the mandatory minimum or maximum sentence for this charge. See Commonwealth v. Rodriguez, 52 Mass. App. Ct. 572, 580 (2001).